S/I

FEE PAID
MMC

FILED

2023 DEC 21 AM 10: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY EEE

BEOM SU LEE

4322 Wilshire Blvd.,#109
Los Angeles, CA 90010
Tel: 213-700-1271
Email: Interwin77@hotmail.com

Plaintiff: In Pro Per

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEOM SU LEE

Plaintiff,

vs.

KIM YONJA ,

YOYOMI,

INET TV CORP. ,

Defendants.

Case No.: 2:23-CV-10677-MCS-Ex

**PLAINTIFF'S COMPLAINT**

**COMPLAINT FOR: COPYRIGHT INFRINGEMENT ON THE INTERNET**

**JURY DEMANDED**

## TABLE OF CONTENTS PAGE

I. INTRODUCTION ........................................................5

II. FACTS OF THE CASE ..................................................5-7

III. STATEMENT OF FACTS...................................................8

IV. LEGAL STAND .........................................................8-11

V. JURISDICTION.........................................................12-14

# TABLE OF AUTHORITIES

Page

## Cases

*UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344 (4th Cir. 2020)..................10

*Flynt Distributing Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984*..............10

*Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)*....................................10

*Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011*.....10

*Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977)*.............................................................................11

*Mavrix Photo, 647 F.3d at 1223 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)*.............11

*United States v. Alcoa, 148 F.2d 416 (2d Cir. 1945) (Learned Hand, J. )*............11

*Shippitsa Ltd. v. Slack, No. 18-CV-1036, 2019 U.S. Dist. LEXIS 121994 (N.D. Tex. July 23, 2019)*.............................................................11

*International Shoe Co. v. Washington (1945)*........................................13

*Burger King Corp. v. Rudzewicz (1985) and Goodyear Dunlop Tires Operations, S.A. v. Brown (2011*..........................................................................13

## THE PARTIES TO THIS COMPLAINT

Plaintiff :

Name: Beom Su Lee ("Plaintiff")

Address:4322 Wilshire Blvd.,#109, Los Angeles, CA 90010,USA

Telephone Number:213-700-1271

Defendants :

Name: KIM YONJA, (d/b/a KIM YONJA TV, SANG YEON MANAGEMENT) ("Defendant")
Address: 21-10 Jingwan 1-ro, Eunpyeong-gu,,
City and Country :Seoul, Republic of Korea
Telephone Number: 010-3681-2112

Name:YOYOMI,( d/b/a SCHOOL MUSIC ENTERTAINMENT) ) ("Defendant")
Address: Gyeonggi-do , Jung-gu, Sinpo-ro 27beon-gil 16, Prince Building 6th floor,
City and Country : Incheon City, Republic of Korea
Telephone Number:032-238-2000

Name:INET TV CORP.,( d/b/a INET ) ("Defendant")
Address: 34 Yangjaecheon-ro 11-gil, Seocho-gu, Seoul, (INET Building), 6th Floor (Yangjae-dong).
City and Country :Seoul, Republic of Korea
Telephone Number: 02-3663-9201

## I. INTRODUCTION

1. This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C.

2. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1338(a).

3. Defendant is doing business on the Internet and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and the Defendant has caused harm to the Plaintiff and the his intellectual property on the Internet (YouTube).

4. Plaintiff Beom Su Lee is a resident of the County of Los Angeles, State of California, the exclusive copyright holder of the late Jae Ho Lee's Musical Works in the United States and worldwide (U.S.Copyright Certificate #TX5-432-807).

## II. FACTS OF THE CASE

5. Plaintiff Beom Su Lee is the 4th son of the late Jae Ho Lee (1919-1960 from Korea), Jae Ho Lee composed over 2,000 musical works between 1937-1960 in Korea, Jae Ho Lee is known in Korea as the Schubert of Korean Kayo (Korean popular song).

The musical works of Jae Ho Lee remain extremely popular in in the United States, Korea, Asia and Worldwide,

Upon the death of Jae Ho Lee in 1960, the copyrights of musical works were inherited by his surviving family. Plaintiff and his family own the copyrights to the musical works of Jae Ho Lee.

In 1972, the Jae Ho Lee family immigrated to the United States, and nearly all of their families became naturalized citizens of the United States.

After the transfer of Jae Ho Lee 's copyright from Beom Seung Lee (Brother) in August 1st.2001, Plaintiff became the exclusive copyright owner of Jae Ho Lee 's Musical Works plus Unpublished Music and Plaintiff also holds Jae Ho Lee's Worldwide Copyright,

6. Plaintiff and his family published "The Collection of Lee, Jae Ho's Musical Compositions " in 1996. Plaintiff and his family own the copyrights of The Collection. , In 1999, Plaintiff and his mother Jung Sun Kim registered "The Collection of Lee, Jae Ho's Musical Compositions " at the U.S. Copyright Office from Los Angeles and received the registration certificate (TX5-432-807) in 2001, This copyright is Jae Ho Lee's only official registration certificate in the U.S. and in the World, Jae Ho Lee's U.S copyright is legally protected and valid in the United States, South Korea, and worldwide until 2030.

7. Plaintiff has been investigating and found links to Jae Ho Lee's music that were illegally uploaded by the defendants on the Internet (YouTube) in 2023,

Defendant KIM YONJA is a famous female singer in Korea, and despite receiving a copyright infringement notice for unauthorized use of the renowned song "Danjang eui Mia-ri Goge" by Jae Ho Lee, she continues to deliberately upload, post, and distribute it on YouTube without the plaintiff's permission,

Defendant KIM YONJA has additionally uploaded and distributed seven other works by Jae Ho Lee on YouTube as "Na Geu Ne Seol Um", "Bul Hyo Ja Neun Ub Ni Da", "Gyeong Sang Do A Ga Ssi" , "Dae Ji Eui Hang Gu" , "Mul re bang a do neun nae ryeog", "Hong Kong A Ga Ssi", "Gwi Gug Seon".

Defendant KIM YONJA frequently visits Los Angeles, which has the largest Korean population in the United States, to hold concert performances.

Defendant YOYOMI is a popular and beloved young female singer in Korea. She has intentionally uploaded, posted, and distributed the well-known song "Hong Kong Agassi" by Jae Ho Lee, on YouTube without obtaining the plaintiff's permission,

Defendant INET TV CORP., a 24-hour joyful Korean music channel broadcasting to 32 million households, is joining the global Korean wave that is expanding worldwide, " Mul re Bang A Do Neun Nae Ryeog " ,"Beon Ji Eobs Neun Ju Mag " by Jae Ho Lee, Defendant INET TV CORP. continue to deliberately upload, post, and distribute Jae Ho Lee\s works on YouTube without the plaintiff's permission,

8. All evidence was secured through photography and video recording (Live performance).

When requested by the court to submit evidence, the plaintiff will provide all relevant evidence materials.

9. After discovering Jae Ho Lee's music infringement on the Internet, the plaintiff informed the defendants of the copyright infringement, requested a licensing agreement, and demanded a license fee, but these requests were not implemented.

## III. STATEMENT OF FACTS

10. The following facts and evidence establish that the defendants are clearly engaged in direct commercial activity in California and the United States. via the Internet from Republic of Korea.

11. California is home to the largest Korean population in the United States, and it has formed the largest Korean market. As a result, there is a vibrant sales activity for all Korean businesses in the region.

Currently, California and the entire United States are experiencing a significant market boom due to the popularity of BTS, BLACKPINK, K-Dramas, and K-Pop. Korean companies are intentionally utilizing active sales and marketing strategies in the United States through various platforms such as the Internet and YouTube to expand their market for all products.

Now, the contents of Defendants' music, shows can be viewed and enjoyed from anywhere in California and the United States at any time through smartphones, smart TVs, and computers,

## IV. LEGAL STAND

12. **Rule 4(k)(2): Preventing Foreign Defendants from Escaping Personal Jurisdiction**

Rule 4(k)(2) refers to a provision in the Federal Rules of Civil Procedure in the United States that deals with personal jurisdiction over foreign defendants.

It is designed to prevent foreign defendants from evading the jurisdiction of U.S. courts by establishing a basis for the court to assert personal jurisdiction over them, even if they do not have sufficient contacts with the specific state where the court is located.

Under Rule 4(k)(2), if a defendant is not subject to personal jurisdiction in any state's courts, but exercising jurisdiction is consistent with the U.S. Constitution and federal law, a federal court may assert personal jurisdiction over the defendant as long as the defendant has sufficient minimum contacts with the United States as a whole.
This rule allows U.S. federal courts to extend their jurisdiction to foreign defendants who have significant connections or contacts with the United States overall, even if they may not have established those contacts within the specific state where the court is situated. It provides a mechanism to ensure that foreign
defendants cannot avoid being held accountable in U.S. courts solely by arguing that they lack sufficient contacts with a specific state.

13. **DMCA (Digital Millennium Copyright Act)** is a significant U.S. copyright law that specifically addresses copyright infringement in the digital realm.
It establishes certain responsibilities and obligations for online service providers, including internet service providers (ISPs) and website operators.
The DMCA also includes provisions for online service providers to remove or disable access to infringing material stored by their users, without requiring a takedown notice. This is known as the "red flag" knowledge provision, which states that if an online service provider becomes aware of facts or circumstances that make copyright infringement apparent, they should take action to remove or disable access to the infringing material.

The DMCA also requires online service providers to designate a designated agent to receive these takedown notices and provide their contact information to the U.S. Copyright Office. This allows copyright holders to easily identify and communicate with the appropriate party when reporting copyright infringements. National Eligibility

14. "**4th Circuit Finds Jurisdiction Over Foreign Website Operator Who Never Worked in or Visited the United States**

October 6, 2020 By Pu-Cheng (Leo) Huang ,Edited by Margaret A. Esquenet

The internet connects the globe and makes it easy to share information across the world. Yet its borderless nature presents difficult questions for U.S. courts. Should a foreign website operator who had never performed any work within the United States, or even visited here, be subjected to suit in the United States? The Fourth Circuit considered this issue in a case involving a Russian citizen who operated websites that allegedly infringed twelve record companies' U.S. copyrights.

The defendant, Tofig Kurbanov, owned and ran two websites in Russia—"FLVTO" and "2conv"—which provide a "stream-ripping" service that allows visitors to download copyrighted music extracted from YouTube videos.

The websites have become two of the most popular on the internet, including among Americans. Not surprisingly the copyright owners—twelve record companies—objected to Kurbanov's activities and sued him in federal court in Virginia for copyright infringement. And while the district court found that it had no jurisdiction over Kurbanov—and thus dismissed the lawsuit—the Fourth Circuit disagreed.

A federal court can properly exercise personal jurisdiction over a nonresident if two conditions are satisfied. First, jurisdiction over the nonresident has to be authorized by the "long-arm statute" "The case is *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344 (4th Cir. 2020)."

15. **Personal Jurisdiction**

"The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction exists." Flynt Distributing Co. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984).

Where the court does not conduct an evidentiary hearing regarding personal jurisdiction, "the plaintiff need make only a prima facie showing of jurisdictional facts." Id. To satisfy this burden, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant."

"Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (internal quotation marks and citation omitted).

The court may not assume the truth of such allegations if they are contradicted by

affidavit. Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). However, factual disputes are resolved in the plaintiff's favor. Mavrix Photo, 647 F.3d at 1223 (citing Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)."

"In the United States, the federal courts have recognized an important mechanism for acquiring jurisdiction over foreign defendants known as the effects doctrine. The effects doctrine is an offshoot of the territorial principle. Briefly, the effects doctrine says that if the effects of extraterritorial behavior or crimes adversely affect commerce or harm citizens within the United States, then jurisdiction in a U.S. court is permissible. The first case to establish the effects doctrine was United States v. Alcoa, 148 F.2d 416 (2d Cir. 1945) (Learned Hand, J.).

16. "**In Shippitsa Ltd. v. Slack, No. 18-CV-1036, 2019 U.S. Dist. LEXIS 121994 (N.D. Tex. July 23, 2019),** a federal district court reiterated the standards applicable to determining whether there is personal jurisdiction over a foreign defendant in the context of online web businesses and allegations of trademark infringement,. The court found that under federal law, the Cyprus-incorporated and -headquartered defendant's interactive website allowing the commercial exchange of information with Texas customers was sufficient for the exercise of personal jurisdiction over that defendant in Texas."

17. **THE UNITED STATES – KOREA FREE TRADE AGREEMENT**

"On June 30, 2007, the United States Trade Representative entered into a free trade agreement with Korea ("KORUS FTA AGREEMENT").

The Agreement clarifies and builds on existing international standards for the protection and enforcement of intellectual property rights, with an emphasis on new and emerging technologies. The Agreement ensures that Korea will provide a high level of IPR protection, similar to that provided under U.S. law. Key provisions of the Agreement, such as those on preventing circumvention of anti-piracy devices and establishing the scope of liability for copying works on the Internet, are modeled on U.S. statutes. The Agreement includes state-of-the-art protection for trademarks and copyrights as well as expanded protection for patents and undisclosed information

## V. JURISDICTION

18. **General Jurisdiction:**

General jurisdiction arises when a defendant's contacts with a state are substantial and continuous enough to subject them to lawsuits in that state, even if the lawsuit is unrelated to their activities in that state. the defendants are consistently producing content for and interacting with a U.S. audience, it should establish general jurisdiction.

**Specific Jurisdiction:**

Specific jurisdiction is established when a defendant's actions related to the lawsuit occurred within the state, or when the lawsuit arises from the defendant's contacts with that state. the content produced by the defendants is causing legal issues or disputes within the United States, it could lead to specific jurisdiction

**Specific personal jurisdiction** refers to a court's authority to exercise jurisdiction over defendants in a lawsuit based on the defendant's contacts or actions related to the specific claims at issue in the case. In order for a court to assert specific personal jurisdiction over a foreign defendant, certain requirements must be met. The criteria for establishing specific personal jurisdiction can vary depending on the jurisdiction and the specific facts of the case. However, generally, the following factors are considered:

Purposeful Availment: The defendant must have purposefully availed themselves of the privileges and benefits of the forum state, meaning they have conducted activities or established contacts within the state.
Relatedness: The claims against the defendant must arise out of or be related to the defendant's activities or contacts within the forum state,

By uploading content to YouTube that transcend borders, the Defendants inherently engaged with users globally, including within California. The concept of personal jurisdiction must adapt to the realities of the modern digital age, the Plaintiff contends that the concept of jurisdiction must evolve to address modern complexities. The digital age has introduced new avenues for interactions and commerce, rendering traditional definitions of "continuous and systematic" business contacts inadequate in certain contexts.
As the digital world dissolves geographic boundaries, personal jurisdiction must adapt accordingly

**Minimum Contacts:** In cases where the defendant does not have jurisdiction in a specific state, the U.S. federal courts may still extend personal jurisdiction if there are sufficient minimum contacts between the defendant and the United States as a whole. This requires the defendant to have significant enough contacts with the entire United States.

**Scope of Personal Jurisdiction Based on Internet Activity:**

The crucial element here is not just the upload but the global accessibility of the Jae Ho Lee's copyrighted content, extending the impact beyond Korea's borders. The act of uploading on globally-accessible platforms inherently demonstrates a direction of conduct towards potential audiences in California and the United States

**General Personal Jurisdiction and Business Contacts:**

The Plaintiff contends that the Defendants are continuously, willfully distributing content produced in Korea to the United States through Internet and YouTube.

19. "There are cases in US federal courts where specific personal jurisdiction has been applied to overseas defendants. The specific personal jurisdiction doctrine allows a court to assert jurisdiction over a defendant when the defendant's contacts with the forum state are sufficiently related to the claims asserted in the lawsuit. The landmark case of International Shoe Co. v. Washington (1945) established the test for determining specific personal jurisdiction, which requires that the defendant has purposefully directed their activities towards the forum state, and that the lawsuit arises out of or relates to those activities. Subsequent cases such as Burger King Corp. v. Rudzewicz (1985) and Goodyear Dunlop Tires Operations, S.A. v. Brown (2011) further clarified the principles of specific personal jurisdiction."

20. "In the United States, the federal courts have recognized an important mechanism for acquiring jurisdiction over foreign defendants known as the effects doctrine. The effects doctrine is an offshoot of the territorial principle. Briefly, the effects doctrine says that if the effects of extraterritorial behavior or crimes adversely affect commerce or harm citizens within the United States, then jurisdiction in a U.S. court is permissible. The first case to establish the effects doctrine was United States v. Alcoa, 148 F.2d 416 (2d Cir. 1945) (Learned Hand, J.)."

21. In light of all the facts and evidence presented above, the plaintiff believes that the court has specific personal jurisdiction over the defendants.

22. "As a general matter, copyright infringement occurs when a copyrighted work is reproduced, distributed, performed, publicly displayed, or made into a derivative work without the permission of the copyright owner"
(The U.S .Copyright Office).

**FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT**
**(UNDER 17 USCA §§ 101 ET. SEQ., INCLUDING 106, 504 and 602)**
**(THE DMCA AMENDED TITLE 17 OF THE UNITED STATES CODE)**
**(BY PLAINTIFF AGAINST DEFENDANTS)**

23. Plaintiff hereby incorporates by reference Paragraphs I through 22 of this Complaint as if fully set fo1 1h herein and for a cause of action alleges as follows:

The defendants do not have any license, authorization, permission, or consent to use Jae Ho Lee's musical works on the internet.

The Plaintiff alleges copyright infringement based on the Defendants' unauthorized use, reproduction, distribution, public display, and public performance of Jae Ho Lee's Musical Works on the Internet

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

(A) These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including losses in earnings, dilution of goodwill, injury to his reputation and reduction of value of Jae Ho Lee's Musical Works.

The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount damage sustained by Plaintiff will be difficult to ascertain these acts continue. Plaintiff has no adequate remedy at Law.

(B) The Plaintiff is entitled to an injunction restraining the Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

.

(C) For damages in such amount as may be found, or as otherwise permitted by law. For the profits received by Defendants, and each of them, from the unauthorized public performance , reproduction and commercial use of Plaintiffs father, Jae Ho Lee's musical works.

(D) The Defendants shall pay such statutory damages as the Court deems just as specified in 17 U.S.C. § 504 (C) (1), namely, not more than $750.00 nor less than $30,000.00 for the infringements of the copyrights of each work and that the penalty be increased to $150,000.00 for the infringements of the copyrights of each work that is willfully infringed

**The proposed statutory damages for each work of Jae Ho Lee is US$150,000**

In 2023, despite the plaintiff having notified the defendant multiple times of Jae Ho Lee's U.S copyright infringement, the Defendant continues to intentionally infringe on

Jae Ho Lee's works on the Internet as of December 21, 2023.

Jae Ho Lee's one work have been uploaded, posted, and distributed on YouTube a total of one time by on the defendant's program (KIM YONJA TV), constituting one willful infringements totaling US$150,000, Plus Defendant Kim YONJA has additionally uploaded and distributed seven other works by Jae Ho Lee on YouTube totaling US$210,000.

Jae Ho Lee's one work have been uploaded, posted, and distributed on YouTube a total of one time by on the defendant's program (YOYOMI), constituting one willful infringements totaling US$150,000.

Jae Ho Lee's one work have been uploaded, posted, and distributed on YouTube a total of one time by on the defendant's program (INET TV CORP.), constituting two willful infringements totaling US$300,000.

DATED: December 21 ,2023

Respectfully submitted,

BY: ____________________

BEOM SU LEE/Plaintiff