UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-10677-MCS-E | Date September 22, 2025 |
| Title *Beon Su Lee v. Kim Yonja et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION**

Plaintiff Beom Su Lee filed a motion for default judgment against Defendants Jang Yoon Jeong (doing business as TN Entertainment Co., Ltd.), Song Ga In (doing business as Pocketdoll Studio), Cho Myeong Seop, Yoyomi, and BBS.[1] (MDJ, ECF No. 317.)

If the Court lacks personal jurisdiction over a defendant, then "default judgment is inappropriate." *Cal. Exec. Escrow Servs. v. Bell*, No. 2:20-cv-09196-

---

[1] Unqualified references to Defendants refer to these parties. Plaintiff also included "IBK New York Branch" in the motion for default judgment. (MDJ 2, ECF No. 317.) Defendant Industrial Bank of Korea ("IBK") moved to dismiss Plaintiff's Fifth Amended Complaint, noting that Plaintiff had erroneously sued both "IBK DBA IBK New York Branch" and "IBK New York Branch." (IBK MTD 2, ECF No. 291.) In other words, IBK represented the interests of both itself and its New York branch to the extent Plaintiff named the branch as a separate defendant. (*See id.*) The Court granted IBK's motion to dismiss due to IBK's sovereign immunity under the Foreign Sovereign Immunities Act. (Order Re MTD & MDJ, ECF No. 348.) Therefore, Plaintiff's motion for default judgment with respect to "IBK New York Branch" is denied as moot.

MCS-AGR, 2021 U.S. Dist. LEXIS 146053, at *11 (C.D. Cal. May 25, 2021) (Scarsi, J.). Therefore, when considering whether to enter default judgment, a court "may dismiss an action *sua sponte* for lack of personal jurisdiction." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). A court must permit a plaintiff seeking default judgment "notice and an opportunity to assert facts to establish" whether exercise of personal jurisdiction over a defendant is proper. *Id.* at 713.

The Court questions whether it can properly exercise general or specific personal jurisdiction over Defendants.

To establish personal jurisdiction over a defendant, a plaintiff must show both that a long-arm statute confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)

General jurisdiction "is available in the forum in which the defendant is fairly regarded as at home." *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678 (9th Cir. 2025) (internal quotation marks omitted). The "paradigm forum" for the exercise of general jurisdiction over an individual is the individual's domicile. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). A corporation is subject to general jurisdiction in the place of its incorporation, its principal place of business, and any location where the "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (cleaned up). "Such contacts must be constant and pervasive." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (internal quotation marks omitted).

Plaintiff's Fifth Amended Complaint alleges that Defendants uploaded Jae Ho Lee's copyrighted works to YouTube. (Fifth Am. Compl. ¶¶ 11, 22–23, 25–26, ECF No. 266.) Plaintiff asserts that general personal jurisdiction is proper because "Defendants are continuously and willfully producing and distributing Jae Ho Lee's music, which was produced in Korea, to the United States via the Internet, YouTube, and offline channels." (*Id.* ¶ 42.) Plaintiff does not allege that any Defendant is domiciled in California. As for BBS, the only corporate Defendant, these factual allegations are insufficient for the Court to ascertain whether any of BBS's contacts

with California are so continuous and systematic such that BBS would be "essentially at home" in California. *Daimler*, 571 U.S. at 139. Therefore, the Court cannot determine whether exercise of general jurisdiction over any of Defendants is proper.

Plaintiff's motion for default judgment does not assert that general jurisdiction over any of Defendants is proper, but it does submit that the Court has specific personal jurisdiction. (MDJ ¶ 6.) Constitutional due process requires that specific personal jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985). The Ninth Circuit employs a three-prong test to analyze whether a defendant's "minimum contacts" satisfy the due process clause in the context of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient to show "either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1155). Courts in the Ninth Circuit "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Where a plaintiff "has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper

analytical framework.'" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) (quoting *Brayton Purcell*, 606 F.3d at 1128).

"Where allegedly tortious conduct takes place outside the forum and has effects inside the forum," *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020), courts apply the "effects test," which requires proof that defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)). This test looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "[M]ere injury to a forum resident is not a sufficient connection to the forum," and "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* (quoting *Walden*, 571 U.S. at 290). Consideration of the act is limited to whether an "external manifestation of the actor's will" is reflected, and "does not include any of [the act's] results, even the most direct, immediate, and intended." *Schwarzenegger*, 374 F.3d at 806. With respect to the "express aiming" prong of the effects test, "something more" is required than a "foreign act with foreseeable effects in the forum state." *Wash. Shoe Co.*, 704 F.3d at 675 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

Plaintiff asserts in the Fifth Amended Complaint that exercise of specific personal jurisdiction is proper because "[t]he act of uploading on globally accessible platforms inherently demonstrates a direction of conduct towards potential audiences in California and the United States." (Fifth Am. Compl. ¶ 41.) This allegation is insufficient to establish whether specific personal jurisdiction is proper. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 758 (9th Cir. 2025).

Plaintiff provides more information with the motion for default judgment, but the record is still inadequate to determine whether the Court's exercise of personal jurisdiction would be proper. Plaintiff argues that Defendants "have engaged in unauthorized uploads and performances of Jae Ho Lee's copyrighted works on platforms such as YouTube, which are accessible within" the Central District of California and "have caused direct harm to the Plaintiff, satisfying the effects test for personal jurisdiction." (MDJ ¶ 6.) In connection with the motion, Plaintiff submits that Defendants Jang Yoon Jeong and Song Ga In "performed at a concert

in Los Angeles" and that Defendants BBS and Cho Myeong Seop "were involved in the production and organization of these events." (Notice Suppl. Evid. ¶ 3, ECF No. 319.)[2] Plaintiff attached excerpts of four online articles related to these Defendants as exhibits, which, if taken as true, establish only that Jang Yoon Jeong and Song Ga In each had one scheduled concert in Los Angeles, but the articles do not suggest the involvement of BBS or Cho Myeong Seop with either performer's concert. (*Id.* at 9–17.) The Court cannot ascertain from these facts whether the Defendants "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069.

The Court orders Plaintiff to show cause why the motion for default judgment should not be denied, and the claims against the remaining defendants should not be dismissed, for lack of personal jurisdiction. Plaintiff shall file a written response within 14 days. Plaintiff's failure to respond to this order will result in denial of the motion and dismissal of the claims against the remaining defendants for lack of personal jurisdiction.

**IT IS SO ORDERED.**

---

[2] Under Local Rule 7-6, "[f]actual contentions involved in any motion . . . shall be presented, heard, and determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone," except that the Court may require or allow oral examination of declarants or witnesses. C.D. Cal. R. 7-6. Therefore, in considering Plaintiff's motion, the Court cannot rely upon factual allegations outside the complaint that are unsupported by a declaration or written evidence, which includes this notice. The exhibits appended to Plaintiff's notice are unauthenticated, so the Court also cannot consider them to resolve the motion. Notwithstanding, in light of Plaintiff's status as an unrepresented litigant, the Court considers the notice and its exhibits solely to guide Plaintiff's responsive submission.